UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHARLES A. LAWSON,<br><br>Plaintiff,<br><br>v.<br><br>PATROL OFFICER ISRAEL TREJO, et al.,<br><br>Defendants. | Civil Action No.<br>21-504 (RBK) (MJS)<br><br><br>**OPINION** |

**ROBERT B. KUGLER, U.S.D.J.**

Plaintiff is a state pretrial detainee, and he is proceeding *pro se* with a civil rights Complaint pursuant to 42 U.S.C. § 1983. For the reasons stated in this Opinion, the Court will dismiss without prejudice Plaintiff's malicious prosecution claims and request for immediate release. The Court will stay the remainder of Complaint until after the conclusion of Plaintiff's criminal case.

## I. BACKGROUND

This case arises from the investigation in Plaintiff's underlying criminal case. Plaintiff names Officer Israel Trejo and the Millville Police Department as Defendants in this matter. (ECF No. 1, at 1.)

Plaintiff appears to allege that in February of 2019 and other undated encounters, Defendant Trejo, working as an undercover detective, solicited drugs from Plaintiff. (*Id.* at 6.) The following month, on March 22, 2019, Defendant Trejo and other officers from the Millville Police Department initiated a raid which led to Plaintiff's arrest. (*Id.*)

Plaintiff maintains that during this raid, he was the only individual who received criminal charges, even though he was with three others at the time. (*Id.*) He contends, without further elaboration, that because the other individuals were women, Defendants discriminated against him for being a man. (*Id.*)

Further, he alleges that Defendants found evidence against him during a raid "in a car and apartment registered to two white individuals" who also did not receive criminal charges. (*Id.*) In Plaintiff's view, Defendant Trejo and the Millville Police Department as a whole, racially discriminated against him. (*Id.*) Plaintiff contends that Defendants' misconduct resulted in his wrongful arrest. (*Id.*)

On January 11, 2021, Plaintiff filed the instant Complaint, alleging violations under the Fourth and Fourteenth Amendments. (*Id.*) In terms of relief, Plaintiff seeks the dismissal of his pending criminal charges and $1,500,000.00 in damages. (*Id.*)

## II. STANDARD OF REVIEW

District courts must review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). District courts may *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See id.* According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To survive *sua sponte* screening for failure to state a claim,[1] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC*

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *see also Malcomb v. McKean*, 535 F. App'x 184, 186 (3d Cir. 2013) (finding that the Rule 12(b)(6) standard applies to dismissal of complaint pursuant to 28 U.S.C. § 1915A for failure to state a claim).

*Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct."  *Iqbal*, 556 U.S. at 678.  Moreover, while courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim."  *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### III. DISCUSSION

#### A. Federal Claims

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights under the United States Constitution.  To succeed on a § 1983 claim, a plaintiff must allege two things: first, a violation of a right under the Constitution, and second, that a "person" acting under color of state law committed the violation.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Com. of Pa.*, 36 F.3d 1250, 1255–56 (3d. Cir. 1994)).

Here, Plaintiff appears to assert that Defendants falsely imprisoned him and conducted an unreasonable search and seizure in violation of the Fourth Amendment. (ECF No. 1, at 6.)  He also contends that Defendants used impermissibly suggestive identification methods and selectively enforced the law in violation of the Fourteenth Amendment. (*Id.*)

In *Heck v. Humphrey*, however, the Supreme Court limited a § 1983 plaintiff's right to recover for certain causes of action if the plaintiff has received a conviction on charges directly related to the § 1983 claim. 512 U.S. 477 (1994).  In particular, *Heck* restricts a plaintiff's ability to recover damages for an "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid." *Heck*, 512 U.S. at 486.

In order to recover damages in such a case, a plaintiff "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87.

Accordingly, when a prisoner seeks damages in a civil suit, "the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

In *Wallace v. Kato*, 549 U.S. 384, 393 (2007), "the Supreme Court clarified that *Heck* does not apply to anticipated future convictions." *Jarvis v. Gliottone*, No. 14-7766, 2017 WL 5457986, at *5 n.7 (D.N.J. Nov. 14, 2017); *see also, e.g.*, *Norman v. N.J. State Parole Bd.*, No. 17-4413, 2018 WL 2411609, at *4 (D.N.J. May 29, 2018); *Allen v. New Jersey State Police*, No. 16-1660, 2017 WL 899914, at *5 (D.N.J. Mar. 7, 2017). The Supreme Court recognized, however, that *Heck* may eventually bar these claims, "and approved the procedure of staying a § 1983 action while the criminal case is pending." *Jarvis*, 2017 WL 5457986, at *5 (citing *Wallace*, 549 U.S. at 393).

Consequently, in cases where the "plaintiff files a false-arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial)," district courts may, "in accord with common practice, . . . stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace*, 549 U.S. at 393. "If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." *Id.*

With those principles in mind, Plaintiff has not yet been convicted and his criminal charges remain pending. As a result, this Court must consider whether, under *Wallace*, it is appropriate to stay this matter until after Plaintiff's criminal case has ended. *Wallace*, 549 U.S. at 393.

Here, assuming *arguendo* that Plaintiff has facts to otherwise support his claims, a judgment in his favor on any of these claims "would completely erode the basis" for a potential state court conviction and would question the validity of his continued prosecution. *See Robinson v. New Jersey State Police*, No. 11-06070, 2012 WL 5944298, at *2 (D.N.J. Nov. 27, 2012).

For example, whether Defendants' search was unconstitutional because of selective enforcement or because it was impermissibly suggestive, are issues critical to the validity and viability of the pending charges. Similarly, if Plaintiff were falsely imprisoned, it would mean that Defendants arrested him without probable cause, an issue that will be critical to the pending charges. As a result, Plaintiff's constitutional claims are "related to rulings that will likely be made in a pending or anticipated criminal trial." *Wallace*, 549 U.S. at 393.

Accordingly, this Court will exercise its discretion and stay Plaintiff's constitutional claims until his criminal case has ended. *Id.* After the conclusion of his criminal case, Plaintiff may move to reopen this matter, attaching to any such motion, the results of his criminal case.

**B. Malicious Prosecution Claims**

Next, the Court construes the Complaint as asserting state law claims for malicious prosecution. Under New Jersey state law, to state a claim for malicious prosecution, a plaintiff must allege that: "(1) that [a] criminal action was instituted by the defendant against the plaintiff, (2) that it was actuated by malice, (3) that there was an absence of probable cause for the proceeding, and (4) that it was terminated favorably to the plaintiff." *Stolinski v. Pennypacker*, 772 F. Supp. 2d 626, 636–37 (D.N.J. 2011) (quoting *Epperson v. Wal-Mart Stores, Inc.*, 862 A.2d

5

1156, 1160 (N.J. Super. Ct. App. Div. 2004)); *see also McKenna v. City of Philadelphia*, 582 F.3d 447, 461 (3d Cir. 2009).  Critically, malicious prosecution claims do not accrue until the favorable termination of the plaintiff's prosecution.  *See, e.g.*, *McDonough v. Smith*, 139 S. Ct. 2149, 2156 (2019).

In the present case, Plaintiff has not alleged that his criminal proceedings have ended in his favor, and it appears that such proceedings are still pending before a state court.  As a result, his malicious prosecution claims have not yet accrued.  Accordingly, the Court will dismiss these claims without prejudice for failure to state a claim.

### C. Habeas Claim

Finally, to the extent Plaintiff seeks his immediate release through the dismissal of his pending charges, "such remedies are not available in a § 1983 suit." *See, e.g.*, *Slaughter v. Christie*, No. 15-8327, 2016 WL 6804877, at *2 (D.N.J. Nov. 16, 2016).  When a person "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).  Accordingly, as Plaintiff can only pursue his request for release through a federal habeas petition, this Court will dismiss that request without prejudice.

## IV.  CONCLUSION

For the reasons set forth above, the Court will dismiss without prejudice Plaintiff's malicious prosecution claims and request for immediate release.  The Court will stay the remainder of Complaint until after the conclusion of Plaintiff's criminal case.  At the conclusion of Plaintiff's criminal proceedings, he may move to reopen this matter, attaching to any such motion the results of his criminal proceedings.  An appropriate Order follows.

Dated:  July 19 , 2021                                                                    s/Robert B. Kugler
                                                                                                       ROBERT B. KUGLER
                                                                                                       United States District Judge